DOTLEA REALTY CORPORATION, Judgment Creditor, *v.* RUDOLPH ABRAMS, Judgment Debtor.

City Court of New York, Special Term, Bronx County, December 4, 1940.

*Gold & Maran* [*Jacob Maran* of counsel], for the judgment creditor.

*Rudolph Abrams*, judgment debtor in person.

EVANS, J. The mere fact that the judgment debtor earns a salary somewhat above the level of the amount exempted from the process of garnishee by section 684 of the Civil Practice Act, is not of itself sufficient reason for ordering the judgment debtor to pay, under section 793, the same amount weekly as the judgment creditor could obtain by garnishee. Sections 684 and 793 have different origins, and different social purposes behind them. Under the former it makes no difference whether the judgment debtor will be able to furnish his family bare necessities or not, after the garnishee is levied. The amount earned determines the right to

the garnishee and nothing more. No court has any right to interfere with the legislative mandate. But, under the latter section, it is the ability of the judgment debtor to spare a sum beyond the real necessities of his family which sum the court may apply to the judgment. A judge must, therefore, determine that and not merely say that because the Legislature fixed twelve dollars weekly as the minimum of bare necessity, the court must adhere to that regardless of the facts.

At bar we have a worker employed by the Works Progress Administration earning twenty-two dollars weekly and with a wife and two small children. I do not see how he can spare anything from that.

Motion denied, with leave to renew upon a showing that the debtor's financial condition has improved.